UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

WILLIE TYLER,
                Defendant.
------------------------------------------------------X

**MEMORANDUM & ORDER**

04 CR 1060

DEARIE, Chief Judge.

On March 31, 2006, defendant pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On July 7, 2006, this Court sentenced him to ten years imprisonment on the conspiracy count and five years on the firearms count, to run consecutively, the applicable statutory mandatory minimums.

In the wake of United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), defendant petitions for a writ of audita querela or writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, or in the alternative for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, arguing that his sentences should run concurrently. For the reasons set forth below, defendant is not entitled to relief.

## Discussion

Defendant's challenge to his sentence is foreclosed by his knowing and voluntary waiver of his right to appeal or otherwise challenge his conviction or sentence, provided the Court imposed a term of imprisonment of 228 months or less, as part of his plea agreement. (Plea Agreement ¶ 4); see United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004) (enforcing waiver against appeal); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per

curiam) (enforcing waiver against collateral attack). Although such a waiver does not preclude a subsequent challenge to the validity of the plea process itself, see Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002) (plea process may be attacked despite waiver); United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) (waiver not enforceable against claim agreement entered into without effective assistance of counsel), a valid waiver will be upheld against a challenge to the correctness of a sentence. Id. at 114 (if process by which plea agreement was consummated is constitutional, issues within scope of waiver including sentencing issues cannot be considered). To permit "escape [from] the fairly bargained-for consequences of [an] agreement with the government would render the plea bargaining process and the resulting agreement meaningless." Monzon, 359 F.3d at 117 (internal quotation marks and citation omitted). Defendant does not challenge this Court's finding that his plea was knowing and voluntary.

In addition, for the reasons stated in the government's letter brief, defendant's challenge is procedurally barred.

## Conclusion

The motion is denied, and the petition is dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       June 2͡5, 2009

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge